**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bankers Insurance Company, a Florida corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Old West Bonding Company, LLC, et al.,<br><br>Defendants. | No. CV11-1804 PHX DGC<br><br>**ORDER** |

Plaintiffs have filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendant Old West Bonding Co., LLC, dba Liberty Bail Bonds, LLC ("Liberty"). Doc. 35. No response has been filed, and the time for doing so has expired. For reasons explained below, the Court will grant the motion.

**I.   Background.**

Plaintiffs filed this case on September 14, 2011, after Defendant Liberty and others failed to honor the terms of a General Agency Agreement. On September 23, 2011, Plaintiffs filed an Amended Complaint after learning that Dominic Bocchicchio, a Defendant in the Complaint, filed bankruptcy. The Amended Complaint includes four causes of action, two of which pertain to Liberty (First Cause of Action and Second Cause of Action).

Liberty was served with the amended complaint on October 17, 2011. Doc. 15. On October 21, 2011, pro se Defendant Kaye D. O'Neal filed a document titled Answer of Defendants Old West Bonding Co., LLC and Kaye D. O'Neal. Doc. 16. The answer

purported to respond to the allegations in the Amended Complaint on behalf of both O'Neal and Liberty. On November 8, 2011, Plaintiffs filed a motion asking the Court to strike Liberty's answer on the grounds that it improperly appeared without counsel. Doc. 19. Subsequently, an order to show cause (Doc. 27) was issued striking Liberty's answer and giving Liberty until January 13, 2012 to respond to the Amended Complaint through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."). Liberty has never filed an answer or otherwise responded to the Amended Complaint. On February 17, 2012 the Clerk of the Court entered default against Liberty based on its failure to respond to the Amended Complaint. Doc. 33.

## II. Plaintiff's Motion for Default Judgment.

Plaintiffs' motion seeks default judgment against Liberty in the amount of $391,690.50, representing losses incurred by Plaintiffs as a result of bonds issued by Liberty in the amount of $377,831.50, prejudgment interest pursuant to A.R.S. § 44-1201(B), post-judgment interest pursuant to 28 U.S.C. § 1961, attorneys' fees in the amount of $10,971.50, and costs in the amount of $2,888.00. Because Defendant's default has been properly entered pursuant to Rule 55(a), the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

The first *Eitel* factor weighs in favor of granting Plaintiffs' motion because they will be prejudiced if this case remains unresolved. Plaintiffs served Liberty more than seven months ago. Doc. 15. Liberty has not answered or otherwise responded to the complaint through counsel as required in federal court. If Plaintiffs' motion for default judgment is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). Plaintiffs' Amended Complaint states plausible claims for relief. *See* Doc. 7.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Liberty's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. On October 12, 1998, Plaintiffs and Liberty entered into a General Agency Agreement, pursuant to which Plaintiffs authorized Liberty to issue bail bonds underwritten by Plaintiffs. The Agreement required Liberty to indemnify Plaintiffs against any loss as a result of the issuance of bail bonds. Doc. 35 at 3-4. The Amended Complaint alleges that Liberty issued bail bonds, Plaintiffs incurred losses as a result, and Liberty has failed to meet its indemnification obligations. Given these allegations, a default judgment in the amount of $391,690.50 is reasonable. This factor weighs in favor of a default judgment. *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of money at stake was reasonable, justified, and properly documented).

The fifth *Eitel* factor also favors a default judgment. Given the sufficiency of the Amended Complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

Applying the sixth factor, the Court cannot conclude that Liberty's default is due

to excusable neglect. Liberty was properly served with the summons and Amended Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Doc.15. Liberty initially attempted to appear through pro se defendant O'Neal, showing that it had notice of this case. Liberty's failure to respond thereafter cannot be attributed to excusable neglect. *See Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008); *see also United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Liberty's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Having reviewed Plaintiffs' motion and supporting exhibits, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate against Defendant Old West Bonding Company, LLC, dba Liberty Bail Bonds, LLC, in the amount of $391,690.50.

**IT IS ORDERED:**

1. Plaintiffs' motion for default judgment (Doc. 35) is **granted**.

2. Default judgment is entered in favor of Plaintiffs and against Defendant Old West Bonding Company, LLC dba Liberty Bail Bonds, LLC in the amount of **$391,690.50.** Plaintiffs may submit a form of judgment for the Court's execution.

Dated this 13th day of July, 2012.

_____
David G. Campbell
United States District Judge