**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bankers Insurance Company, a Florida corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Old West Bonding Company, LLC, et al.,<br><br>Defendants. | No. CV11-1804 PHX DGC<br><br>**ORDER** |

Plaintiffs have filed a motion for default judgment against Defendant Kaye D. O'Neal. Doc. 36. No response has been filed, and the time for doing so has expired. For reasons explained below, the Court will grant the motion.

**I.   Background.**

Plaintiffs filed this case on September 14, 2011, after Defendant O'Neal and others failed to honor the terms of a General Agency Agreement. On September 23, 2011, Plaintiffs filed an Amended Complaint. The Amended Complaint includes four causes of action, two of which pertain to Defendant O'Neal (Third Cause of Action and Fourth Cause of Action).

Defendant O'Neal was served with the Amended Complaint on September 28, 2011. Doc. 13. On October 21, 2011, O'Neal filed a pro se answer. Doc. 16. On October 26, 2011, the Court entered an order setting a Rule 16 case management conference. Doc. 17. Defendant O'Neal failed to participate in the Rule 26(f) planning meeting and failed to appear at the case management conference held on December 14,

2011. As a result, an order was issued requiring O'Neal to show cause by January 6, 2012, why default should not be entered against her for her failure to participate in the Rule 26(f) meeting and appear at the case management conference as ordered. Doc. 27. Defendant O'Neal failed to appear and show cause.

**II.     Plaintiff's Motion for Default Judgment.**

   **A.     Default Judgment.**

On February 17, 2012 the Clerk of the Court entered default against O'Neal under Rule 55(a) based on an application filed by Plaintiffs. *See* Docs. 32, 33. Rule 55(a) permits the Clerk to enter default for "fail[ure] to plead or otherwise defend" against a claim for affirmative relief. *See* Fed. R. Civ. P. 55(a). Although Defendant O'Neal pled in response to the Amended Complaint, she clearly has not defended against this action. The Court therefore concludes that default under Rule 55 is appropriate. Courts have entered Rule 55 defaults when a party pleads but then fails to defend. *See, e.g., Rhino Associates, L.P. v. Berg Mfg. and Sales Corp.*, 531 F. Supp. 2d 652, 658 (M.D. Pa. 2007).

Default judgment is also warranted under Rule 16(f)(1) for failure to participate in the Rule 26(f) meeting and attend the case management conference as ordered. The Ninth Circuit has developed a five-part test for determining when case-ending sanctions are appropriate: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir.1998). The first three factor favor entry of judgment against Defendant O'Neal. This case cannot be resolved expeditiously, the Court cannot manage its docket, and Plaintiff is prejudiced when a defendant refuses to respond to court orders and case filings calling for a response. The fourth factor, as always, weighs against default judgment. The Court has considered the fifth factor, and concludes that default judgment against Defendant O'Neal is the only appropriate sanction. Defendant O'Neal clearly is aware of this lawsuit (Docs. 13, 16), and yet she has failed to respond to two

court orders and two motions. By doing this, she has made clear that she does not intend to participate in or defend against this lawsuit. Further actions to procure Defendant O'Neal's participation would be futile, and the Court therefore concludes that default judgment is the appropriate resolution.

### B.     Amount of the Judgment.

Plaintiffs' motion seeks default judgment in the amount of $50,000 plus post-judgment interest at a rate allowed by 28 U.S.C. § 1961 accruing from the date of judgment. Factors the Court should consider in deciding whether to grant a monetary default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

The first *Eitel* factor weighs in favor of granting Plaintiffs' motion because they will be prejudiced if this case remains unresolved. As noted above, Defendant O'Neal has failed to participate in this lawsuit for the past several months. If Plaintiffs' motion is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). Plaintiffs' Amended Complaint states plausible claims for relief. *See* Doc. 7.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of O'Neal's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. On October 12, 1998, Plaintiffs and Liberty entered into a General Agency

Agreement, pursuant to which Plaintiffs authorized Liberty to issue bail bonds underwritten by Plaintiffs. On February 23, 2006, Plaintiffs and Defendant Dana Schnell entered into an Addendum to the General Agency Agreement pursuant to which Defendant Schnell agreed to be added as an Indemnitor to the Agreement. The Agreement, as modified, authorized Liberty to underwrite and issue bail bonds that were binding on Plaintiffs pursuant to the specific terms of the Agreement. In a January 3, 2006 Asset Purchase Agreement, Defendant Schnell acquired a majority interest in Liberty and began running the day-to-day activities with his mother, Defendant O'Neal. On or about April 30, 2007, Liberty issued a bail bond in the amount of $50,000 for criminal defendant Ronald L. Jensen ("Jensen Bond"). Also on or about April 30, 2008, and as collateral for the Jensen Bond, Ronald L. Jensen provided a Deed of Trust to Liberty on certain real property. On or about May 9, 2008, Ronald L. Jensen's brother, Joel Jensen, issued a cashier's check to Liberty in the amount of $50,000, which was intended to be substituted in place for the Deed of Trust.

Pursuant to Paragraph 16 of the Agreement, all amounts held by Liberty as collateral, including the $50,000 cashier's check, were to be held in trust for the benefit of Plaintiffs. Instead, the $50,000 cashier's check was deposited into Liberty's general business account and was used to pay Liberty's day-to-day expenses, overhead and employee payroll. Defendant O'Neal caused or improperly permitted Liberty to use the $50,000 cashier's check for uses other than that for which the check was intended. This factor weighs in favor of a default judgment. *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of money at stake was reasonable, justified, and properly documented).

The fifth *Eitel* factor also favors a default judgment. Given the sufficiency of the Amended Complaint and Defendant O'Neal's refusal to defend, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

Applying the sixth factor, the Court cannot conclude that Defendant O'Neal's default is due to excusable neglect. Defendant O'Neal clearly is aware of this lawsuit (Docs. 13, 16) and yet has failed to respond to two court orders and two motions. Such a failure cannot be attributed to excusable neglect.

The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But Defendant O'Neal's failure to respond to the Court's orders "makes a decision on the merits impractical, if not impossible." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted).

Having reviewed Plaintiffs' motion and supporting exhibits, and having considered the *Eitel* factors as a whole, the Court concludes that default judgment is appropriate against Defendant Kaye D. O'Neal in the amount of $50,000.

**IT IS ORDERED:**

1. Plaintiffs' motion for default judgment (Doc. 36) is **granted**.

2. Default judgment is entered in favor of Plaintiffs and against Defendant Kaye D. O'Neal in the amount of **$50,000**, plus post-judgment interest at a rate allowed by 28 U.S.C. § 1961 accruing from the date of entry of judgment. Plaintiffs may submit a form of judgment for the Court's execution.

Dated this 13th day of July, 2012.

David G. Campbell
United States District Judge