**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bankers Insurance Company, a Florida corporation, et al., | No. CV11-1804 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Old West Bonding Company, LLC, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendant Dana Schnell. Doc. 37. No response has been filed, and the time for doing so has expired. For reasons explained below, the Court will grant the motion.

**I.   Background.**

Plaintiffs filed this case on September 14, 2011 after Defendant Schnell and others failed to honor the terms of a General Agency Agreement ("Agreement"). On September 23, 2011, Plaintiffs filed an Amended Complaint. The Amended Complaint includes four causes of action, three of which pertain to Defendant Schnell (Second Cause of Action, Third Cause of Action and Fourth Cause of Action).

Defendant Schnell was served with the amended complaint on November 11, 2011. Doc. 20. Defendant Schnell has not answered or otherwise responded to the Amended Complaint. On December 8, 2011 the Clerk of the Court entered default against Defendant Schnell based on his failure to respond. Doc. 25.

## II.     Plaintiff's Motion for Default Judgment.

Plaintiffs' motion seeks default judgment against Defendant Schnell in the amount of $377,831.00, representing reimbursement of Plaintiffs' loss incurred as a result of Defendant Schnell's breach of the terms of the Agreement, prejudgment interest pursuant to A.R.S. § 44-1201(B), beginning on May 13, 2011 until the date the judgment is entered, post-judgment interest pursuant to 28 U.S.C. § 1961, attorneys' fees in the amount of $10,971.50, and costs in the amount of $2,888.00.   Because Defendant Schnell's default has been properly entered pursuant to Rule 55(a), the Court has discretion to grant default judgment under Rule 55(b).  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

The first *Eitel* factor weighs in favor of granting Plaintiffs' motion because they will be prejudiced if this case remains unresolved.  Plaintiffs served Defendant Schnell more than seven months ago.  Doc. 20.  Defendant Schnell has not answered or otherwise responded to the complaint.  If Plaintiffs' motion for default judgment is not granted, Plaintiffs "will likely be without other recourse for recovery."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under Rule 8.  *See  Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)).  Plaintiffs' Amended Complaint states plausible claims for relief.  *See* Doc. 7.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant Schnell's conduct.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.  On October 12, 1998, Plaintiffs and Old West Bonding Co., LLC dba Liberty Bail Bonds, LLC ("Liberty") entered into the Agreement, pursuant to which Plaintiffs authorized Liberty to issue bail bonds underwritten by Plaintiffs.  The Agreement required Liberty to indemnify Plaintiffs against any loss as a result of the issuance of bail bonds.  Doc. 37 at 3-4.  On February 23, 2006, Plaintiffs and Defendant Schnell entered into an Addendum to the General Agreement to which Defendant Schnell agreed to be added as an Indemnitor to the Agreement.   The Agreement, as modified by the Addendum, authorized Liberty to underwrite and issue bail bonds that were binding on Plaintiffs pursuant to the specific terms set forth therein including the obligation of Defendant Schnell and the others to reimburse the surety for any loss, costs and expenses arising out of issuance of the bonds.

As a result of the bonds issued by Liberty, Plaintiffs have incurred a loss in the principal amount of $377,831.00.  Pursuant to the terms of the Agreement and Addendum, Defendant Schnell agreed to indemnify Plaintiffs against the loss.   On May 13, 2011, demand was made on Defendant Schnell to reimburse Plaintiffs.  To date, Defendant Schnell has failed to reimburse Plaintiffs for the loss and therefore has breached his contractual obligations under the Agreement.  This factor weighs in favor of a default judgment.  *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of money at stake was reasonable, justified, and properly documented).

The fifth *Eitel* factor also favors a default judgment.  Given the sufficiency of the Amended Complaint and Defendant Schnell's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion."  *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

Applying the sixth factor, the Court cannot conclude that Defendant Schnell's

default is due to excusable neglect.  Defendant Schnell was properly served with the summons and Amended Complaint pursuant to Rule 4.  Doc. 20.  Defendant Schnell's failure to answer or otherwise respond to the Amended Complaint cannot be attributed to excusable neglect.  *See Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

The final *Eitel* factor weighs against default judgment.  "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted).  Moreover, Defendant Schnell's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible."  *Id.*

Having reviewed Plaintiffs' motion and supporting exhibits, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate against Defendant Dana Schnell in the amount of $377,831.

**IT IS ORDERED:**

1.    Plaintiffs' motion for default judgment (Doc. 37) is **granted**.

2.    Default judgment is entered in favor of Plaintiffs and against Defendant Dana Schnell in the amount of **$377,831.00**, plus prejudgment interest at a rate allowed by Arizona law pursuant to A.R.S. § 44-1201(B) beginning on May 13, 2011 until the date the judgment is entered, post-judgment interest at a rate allowed by 28 U.S.C. § 1961 accruing from the date of entry of judgment, attorneys' fees in the amount of $10,971.50; and costs in the amount of $2,888.00**.**

Dated this 13th day of July, 2012.

David G. Campbell
United States District Judge